UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,      :     CASE NO. 1:06-CR-200
                                                :
        Plaintiff,                      :
                                                :
vs.                                           :     OPINION & ORDER
                                                :     [Resolving Doc. No. 110]
DAMON E. ALEXANDER, JR.,   :
                                                :
        Defendant.                   :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether to grant the Government's "Motion for Reconsideration and/or Clarification." [Doc. 110.] In its motion, the Government asks the Court to "re-examine" its November 20, 2006 Opinion and Order that denied Defendant Damon Alexander's ("Alexander") motion to suppress narcotics evidence in the Government's case against him. [Doc. 83.] With its motion, the Government does not seek to overturn the Court's finding; instead, the Government requests that the Court "delete from its written opinion comments regarding the arrest of [Alexander] and/or in the alternative to clarify its written opinion." [Doc. 110.]

For the reasons presented below, the Court **DENIES** the Government's motion.

I. Background

On October 27, 2006, Defendant Alexander filed a motion to suppress evidence seized by the police after a controlled-delivery of cocaine to Alexander's residence. [Doc. 57.] The Government opposed Alexander's suppression motion. [Doc. 62.] On November 13 and 14, 2006, the Court conducted a hearing during which it received evidence and heard argument related to

-1-

Case No. 1:06-CR-200
Gwin, J.

Defendant Alexander's suppression request. [Docs. 70, 71; Trial Tr. 1-308, Nov. 13, 2006; Trial Tr. 1-49, Nov. 14, 2006.] At the hearing, the Government's witnesses included, *inter alia*, Detective Jamal Ansari of the Cleveland Police Department ("Ansari"). *Id.* Defendant Alexander also testified. *Id.*

On November 20, 2006, the Court issued its Opinion and Order denying Alexander's motion to suppress. [Doc. 83.] The Court found that, although the police had violated Alexander's *Miranda* rights, the Sixth Circuit's "inevitable discovery" jurisprudence required the Court to deny Alexander's suppression request. *Id.* Subsequent to the Court's November 26, 2006 Opinion and Order, the Government continued its case against Alexander, who withdrew his former plea of not guilty and pleaded guilty to the charges in the Superceding Indictment. [Docs. 91, 94.] On February 15, 2007, this Court imposed on Defendant Alexander a sentence of 110 months of incarceration, five years of supervised release, and a special assessment of $400. [Doc. 111.]

On that same day, the Government moved the Court for "reconsideration and/or clarification" of its November 20, 2006 denial of Alexander's motion to suppress. [Doc. 110.] Prevailing in its earlier attempt to secure admission of the narcotics evidence against Alexander, the Government did not request that the Court reverse its November 20, 2006 finding; instead, the Government asked "this Honorable Court to re-examine its written order [and] delete its discussion regarding the facts and circumstances surrounding [Alexander's] arrest." *Id.* In the alternative, the Government "requests this Court to consider clarifying its written opinion consistent with its oral findings [and] . . . balanc[e] its written opinion to include this Court's belief that the defendant was not truthful and that the medical evidence did not support defendant's version of the events surrounding his arrest." *Id.* The Government believes that the Court's compliance with its requests

-2-

Case No. 1:06-CR-200
Gwin, J.

"would aid other judges, government counsel, and defense counsel in determining any relevance to this Court's finding in future cases wherein Detective Ansari may be called to testify." *Id.*

On February 16, 2007, Alexander opposed the Government's motion for "Reconsideration and/or Clarification." [Doc. 112.] In his opposition memorandum, Alexander says that the Government does not have a proper basis for its motion and, further, the Government's motion "could well be interpreted as a request for an advisory opinion regarding cross-examination [of Ansari] in . . . future cases – something judges quite properly avoid." *Id.* Consequently, Alexander requests that the Court deny the Government's motion. *Id.*

## II. Legal Standard

The Federal Rules do not recognize a "Motion for Reconsideration and/or Clarification." Similarly, no rules govern a request that a district court "re-examine its written order." The Sixth Circuit has held, however, that a court may treat a motion to reconsider under the standards of Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) (noting that "a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment"). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e).

## III. Analysis

Case No. 1:06-CR-200
Gwin, J.

With this motion, the Government does not demonstrate adequate grounds for the Court to take the "extraordinary and sparingly granted" step of reconsidering its November 20, 2006 Opinion and Order denying Alexander's motion to suppress.

First, the Court's November 20, 2006 Opinion and Order represents factual bases and a judicial finding adduced from evidence presented during a suppression hearing. As such, the Opinion and Order does not contain or act as any type of "judgment" contemplated by Rule 59(e).

Second, the Government does not argue that the Court made a "clear error of law," the United States has "newly discovered evidence" against Alexander, an "intervening change in controlling law" mandates reconsideration, or allowing the motion would "prevent manifest injustice." Instead, the Government requests that the Court "delete" portions of its Opinion pertinent to the issues raised before the Court. The Government also asks the Court to go beyond the issues presented at the suppression hearing and provide "clarification" of its standing on those issues. Under the Sixth Circuit's holding in *Gencorp*, these requests do not represent proper bases for reconsideration.

Third, the Government filed its motion nearly three months after the Court denied Alexander's suppression request. Thus, even if the Court's November 26, 2006 Opinion and Order did represent a Rule 59(e) "entry of the judgment," the Government has moved the Court with its instant request well-beyond the ten days allowed by the Federal Rules.

Finally, the Court agrees with Defendant Alexander's characterization of the Government's motion as a request for an advisory opinion, which the Court declines to grant. To the extent that Ansari's testimony in Alexander's case becomes the subject of future cross-examination, the Government can rely on the Federal Rules of Evidence to establish the relevance and admissibility

Case No. 1:06-CR-200
Gwin, J.

of such cross-examination.

## IV. Conclusion

For these reasons, the Court **DENIES** the Government's motion.

IT IS SO ORDERED.


Dated: March 6, 2007              s/     *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE