UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,    :      CASE NO. 1:06-CR-200
                                              :
        Plaintiff,                      :
                                              :
vs.                                        :      OPINION & ORDER
                                              :      [Resolving Docs. 138, 140.]
DAMON ALEXANDER,              :
                                              :
        Defendant.                     :
                                              :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Movant Loretta Alexander, a non-party to the underlying criminal action, moves this court for the return of property confiscated in Defendant Alexander's case. [Doc. 138.] The Government opposes the motion. [Doc. 140-1.] For the reasons stated below, this Court **DENIES** the motion for return of property.

**I. Background**

On February 21, 2007, in the underlying criminal case, Defendant Alexander pleaded guilty to drug and firearm offenses. [Doc. 115.] The Parties conditioned this plea on the Defendant's ability to appeal this Court's denial of his motion to suppress. [Doc. 94.] Two days after this Court entered judgement, the Defendant appealed. [Doc. 116.] On August 20, 2008, the Sixth Circuit affirmed this Court's judgment. [Doc. 134.]

Movant Alexander seeks the return of guns and money that was seized in connection with the underlying criminal case. [Doc. 138.] While the Movant Alexander does not identify any procedural

Case No. 1:06-CR-200
Gwin, J.

rule under which she brings this motion, this Court reads the motion as a Federal Rules of Criminal Procedure Rule 42(g) motion for return of property.

In bringing this motion, Movant Alexander repeats her contention that the money and guns belonged to her, which was first advanced at the suppression hearing. [Doc. 138.] She says that the money was derived from the sale of her car and that she still possesses the "letter of receipt for the sale." [Doc. 138.] She says that she purchased the guns "while in Las Vegas." [Doc. 138.]

The Government responds that the Movant Alexander has not demonstrated that she is entitled to the property, and that the property was disposed of though administrative forfeiture on November 11, 2006. [Doc. 140-1.] The Government attached a record of the administrative forfeiture to the response as Exhibit 1. [Doc. 140-2.]

**II. Analysis**

Rule 41(g) allows a "person aggrieved by . . . the deprivation of property" to "move for the property's return." FED. R. CRIM. P. 41(g). The movant bears the burden of showing entitlement to the property. 3A Wright, King, Klein, & Welling, *Federal Practice and Procedure* § 673. "Some cases have . . . allowed a motion for return of the property after conviction, and even though the property was lawfully seized, once the need for the evidence has terminated." *Id.*

When, however, "an administrative forfeiture proceeding has begun, the district court loses jurisdiction . . . since the claimant then has an adequate remedy at law." *Id.* In *Shaw v. United States*, 891 F.2d 602 (6th Cir. 1989), the Sixth Circuit held that the Rule 41 motion for return of property was not available to a movant when a legal administrative remedy existed.

Here, as in *Shaw*, the Rule 41 remedy is not available. The Government has already instituted the administrative forfeiture. This Court no longer has jurisdiction to deal with Movant Alexander's

Case No. 1:06-CR-200
Gwin, J.

claim.

### III. Conclusion

For the reasons stated above, this Court **DENIES** Movant Alexnader's motion for return of property.

IT IS SO ORDERED.


Dated: December 12, 2008          *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE